Filed 06/24/25

VERMONT SUPERIOR COURT

Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-05163

George Woods v State of Vermont

## ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner filed this habeas corpus petition alleging that the Department of Corrections failed to include in its sentencing calculation credit for time served that petitioner was awarded in February 2017 by court order, and that if that amount had been included, petitioner would have completed his sentence in April 2024. Petitioner seeks immediate release from custody. The case came before the court for a hearing on May 9, 2025. Petitioner testified, as did Kimberlee Bevins, the supervisor of the Department's Sentencing Computation Unit. For the reasons set forth below, the petition is denied.

On March 12, 2019, petitioner was sentenced in multiple dockets after pleading guilty to several offenses and admitting to violating conditions of his probation on a previously imposed sentence. In Case No. 40-1-16, petitioner was sentenced to 2 to 5 years. In Case No. 107-3-15 Oscr, petitioner was sentenced to 16 to 18 months, concurrently with Case No. 40-1-16 Oscr. In Case No. 510-5-15 Oscr, petitioner was sentenced to ten 180-day terms (on Counts 1 through 9, and 20), consecutive to the sentence imposed in Case No. 40-1-16. As a result of a clerical error, a corrected mittimus was subsequently issued in Case No. 510-5-15 to clarify that the sentences imposed in that docket were imposed consecutively to each other as well as to the sentence in Case No. 40-1-16. Petitioner has unsuccessfully sought to challenge these sentences in his various criminal cases. *See, e.g.*, Entry Regarding Motion, Nos. 107-3-15 Oscr, 510-10-15 Oscr, 40-1-16 Oscr, 668-10-18 Oscr, 669-10-18 Oscr (July 7, 2024) (Thibault, J.).[1]

The focus of this case is whether the Department wrongfully failed to apply credit for time served that petitioner was awarded by court order on February 17, 2017. Petitioner was originally sentenced on the relevant dockets in January 2017. On February 17, 2017, the Criminal Division issued a stipulated amended mittimus to give petitioner 329 days of "local lock up credit" in Case No. 40-1-16. On February 23, 2017, the Criminal Division issued a written decision in all three dockets that explained the relevant circumstances as follows:

> On January 25, 2017, during the first day of trial, Defendant George Woods, Jr. pleaded guilty in three Orleans dockets. Defendant agreed to a sentence of 2-10 years, split to serve, with credit for time served as allowed by law. Defendant has

---

[1] At the March 12, 2019 sentencing, petitioner was also sentenced to two concurrent 0- to 6-month terms for violating conditions of release, with credit for time served. *See* Case Nos. 668/669-10-18 Oscr.

been incarcerated in 107-3-15 Oscr since March 10, 2015, but was only credited with 358 days for time served (his time served in the related 40-1-16 Oscr docket), rendering his minimum and maximum release date as January 31, 2018. Defendant moves to adjust his sentence to reflect his time served in 107-3-15 Oscr. Hearing was held on Defendant's motion on February 8, 2017, where both parties agreed that Defendant's initial sentence calculation was incorrect, as the plea deal was meant to capture credit for time served across all three dockets. Further, both parties agreed that Defendant should be credited for the additional 329 days served in 107-3-15 Oscr. Accordingly, the Court credits Defendant the 329 days served, which, according to the Department of Corrections email to the State, changes his minimum and maximum release date to March 8, 2017.

Entry Regarding Motion, Case No. 107-3-15 Oscr, 510-10-15 Oscr, 40-1-15 Oscr (Feb. 23, 2017) (VanBenthuysen, J.).

Based on the reasoning of the February 23, 2017 decision, it appears that Judge VanBenthuysen may have intended that the 329-day credit be applied only to the sentence imposed in Case No. 107-3-15, on account of the earlier arraignment in that case (329 days was the amount of time between petitioner's March 10, 2015 arraignment in Case No. 107-3-15 and his February 2, 2016 arraignment in Case No. 40-1-16), but in any event, an amended mittimus incorporating the 329-day credit was issued in Case No. 40-1-16, as noted above.

The Department's current sentencing calculation, as of the May 9 hearing, provides petitioner with 981 days of credit on his sentence including the 329 days ordered on February 17, 2017, as well as earned-time credit. According to the Department's calculations, petitioner's maximum release date (as of May 9) was September 20, 2025. Petitioner claims, however, that he is entitled to additional credit. He argues that, "[s]ince March 10, 2015," he has "served 9 years and 9 months on the 10 year sentence," which with earned-time credit, should have made him eligible for release on April 14, 2024. Compl. ¶ 7.

Petitioner is incorrect. Contrary to his arguments, he is only entitled to credit on his controlling sentence in Case No. 510-5-15 running from the date of his October 5, 2015 arraignment in that case—not as he argues, from his March 10, 2015 arraignment in Case No. 107-3-15. *See* 13 V.S.A. § 7031(a)(1) ("The period of credit for concurrent and consecutive sentences shall include all days served from the date of arraignment or the date of the earliest detention for the offense, whichever occurs first, and end on the date of the sentencing. Only a single credit shall be awarded in cases of consecutive sentences, and no credit for one period of time shall be applied to a later period."). His sentence in Case No. 107-3-15 was already maxed out, on account of time served, when his probation was revoked and his current sentence was imposed on March 12, 2019. Accordingly, any credit previously earned on that sentence is irrelevant to petitioner's current term of incarceration.[2] Petitioner then served the five-year maximum on his sentence in Case No. 40-1-16, and the Department applied all applicable credits—981 days including the 329 days at issue in the February 23, 2017 order—to petitioner's

---

[2] Petitioner nonetheless has received credit on his current sentence for the 329 days between his March 10, 2015 arraignment in Case No. 107-3-15 and his February 2, 2016 arraignment in Case No. 40-1-16. *See* Respondent's Exh. B.

controlling 180-month sentence in Case No. 510-5-15, which petitioner began serving on or about March 12, 2024. Because that sentence has not yet expired, the court cannot conclude that petitioner is being held beyond his maximum release date.

Because petitioner has failed to prove that he is being held unlawfully, the petition for a writ of habeas corpus is DENIED. *See* 12 V.S.A. § 3951

Electronically signed on: 6/20/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge